IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

PHILLIP ROGERS                                                                                              PLAINTIFF

vs.                                            Civil No. 3:15-cv-03118

CAROLYN W. COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Phillip Rogers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability applications on February 5, 2013 (DIB) and on July 25, 2013 (SSI). (Tr. 8, 171-173). In these applications, Plaintiff alleges being disabled due to post-traumatic stress disorder, post-traumatic stress disorder, depression, and acid reflux. (Tr. 212). Plaintiff alleges an onset date of October 19, 2001. (Tr. 8). These applications were denied initially

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

and again upon reconsideration. (Tr.87-100).

Thereafter, Plaintiff requested an administrative hearing on his denied applications. (Tr. 125-126). This hearing request was granted, and Plaintiff's administrative hearing was held on May 19, 2014 in Harrison, Arkansas. (Tr. 26-86). At this hearing, Plaintiff was present and was represented by Frederick S. Spencer. *Id.* Plaintiff, three witnesses for Plaintiff, and Vocational Expert ("VE") Larry Seifert testified at this hearing. *Id.* During this hearing, Plaintiff testified he was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 29). As for his education, Plaintiff testified he had graduated from high school. *Id.*

On September 17, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 5-18). The ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2015. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 19, 2001, his alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff has the following severe impairments: substance abuse disorder, mood disorder, knee and foot pain, and psoriasis. (Tr. 10, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 10-12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to do simple, routine and repetitive tasks in a setting where interpersonal contact is incidental to the work performed and the supervision required is simple, direct and concrete. The claimant cannot work with the general public.

*Id.*

Considering his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 16, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 17, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative light, unskilled occupations such as merchandise marker with 220,601 such jobs nationwide and 2,092 such jobs statewide; shipping weigher with 28,316 such jobs nationwide and 415 such jobs statewide; and production assembler with 228,000 such jobs nationwide and 3,900 such jobs statewide. *Id.* Because Plaintiff retained the capacity to perform other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 19, 2001 (alleged onset date) through September 17, 2014 (ALJ's decision date). (Tr. 17, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-3). Thereafter, on October 27, 2015, the Appeals Council denied Plaintiff's request for review. *Id.* On December 3, 2015, Plaintiff filed his Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 9, 14, 17. This case is now ready for decision.

**2.**     **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's

3

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In his appeal brief, Plaintiff claims the ALJ erred by failing to properly account for his "mental impairments as dictated by the law." ECF No. 14 at 6-11. Specifically, Plaintiff claims the ALJ did not properly develop the record regarding his alleged mental impairments. *Id.* As Plaintiff claims, there is not "adequate medical evidence" to address his ability to function in the workplace. *Id.*

Upon review, the Court finds the record in this case was sufficiently developed as to all of Plaintiff's impairments, including his mental impairments. As an initial matter, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is over 600 pages long. This transcript includes approximately 300 pages of Plaintiff's medical records. (Tr. 327-619). This includes a consultative examination ordered specifically to address Plaintiff's alleged mental impairments. (Tr. 612-619).

5

As a part of this examination on July 22, 2014, Dr. Nancy A. Bunting, Ph.D. found Plaintiff was not entirely truthful in his answers:

> VALIDITY
>
> This person appeared to be guarded and misleading. He appeared to give a fair level of effort and his cooperation was superficial. . . . Symptoms allegations were minimally congruent with the findings of the report.

(Tr. 619). Based upon this information, including the transcript length and this consultative examination report addressing Plaintiff's alleged mental impairments specifically, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no specific showing of prejudice or unfair treatment. ECF No. 14 at 6-11. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of January 2017.**

> /s/ Barry A. Bryant
> HON. BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE